UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DA'MICHAEL MCGILL,

                Plaintiff,

v.

SARA WHITMORE and
JOHN A. McCOLGAN,

                Defendants.
_____/

Case No. 1:22-cv-286

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

       This is a civil action brought by *pro se* plaintiff Da'michael Mcgill.  For the reasons set forth below, this complaint should be dismissed.

    **I.**      **Discussion**

    **A.**      **Complaint**

       Plaintiff Mcgill lives in Saginaw Michigan.   Mcgill filed the following one-paragraph complaint against "wrongoers" (defendants) Sara Whitmore and John A. McColgan for "Trespass", demanding $25,000,000.00 in damages:

> 'i: a man; claim John A. McColgan and Sara Whitmore trespassed by way of filing false claims engaging in, barratry, malicious prosecution, fraud, extortion, unjust enrichment; Theft by unlawful seizure of property; the trespass did and does continue to cause harm; (unlawful trespass against the man; being kept from my property which is also causing me harm and emotional damages; have not been afforded due process of law, etc.) i require and demand a compensation of twenty five million dollars; i require a court of record; i require a trial by jury; I require the restoration of my property; i, say here, and will verify in open court, that all herein be true – Da'micheal Mcgill.

PageID.1 (as written).

### B.    Lack of jurisdiction

The Court should dismiss this complaint for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  Plaintiffs' cursory complaint is devoid of merit because it states no facts and does not allege a federal claim.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (dismissal for lack of subject-matter jurisdiction is appropriate when a complaint is so "completely devoid of merit as not to involve a federal controversy"); *Apple*, 183 F.3d at 479.  Accordingly, this action should be dismissed for lack of jurisdiction.  *See Apple*, 183 F.3d at 479; Fed. R. Civ. P. 12(b)(1).

### II.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  April 6, 2022                         /s/ Ray Kent
                                              RAY KENT
                                              U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).